IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY R. O. CARR, ) | |
| ) | Case No. CV-06-125-S-BLW |
| Plaintiff, ) | |
| ) | **INITIAL REVIEW ORDER** |
| vs. ) | |
| ) | |
| WAYNE TOUSLEY, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____) | |

Plaintiff's Complaint was conditionally filed on March 24, 2006, and was reassigned to this Court for lack of consent to a magistrate judge. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court also reviews Plaintiff's Motion to Proceed in Forma Pauperis. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**REVIEW OF COMPLAINT**

**A.    Background**

Plaintiff was previously incarcerated at the Twin Falls County Jail as a pretrial detainee. He alleges that during his incarceration he was subjected to inhumane and otherwise unconstitutional conditions that violated his civil rights.

**B.    Applicable Law and Discussion**

**INITIAL REVIEW ORDER   1**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Because pretrial detainees are presumed innocent, they may not be punished while incarcerated. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  A convicted inmate's challenge to the conditions of his confinement is properly brought under the Eighth Amendment, and a pretrial detainee's challenge is properly brought under the Fourteenth Amendment. *Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir.) (en banc), *cert. denied*, 502 U.S. 1074 (1991).  Regardless, the Eighth Amendment provides a minimum standard of care for conditions of confinement for pretrial detainees.  *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  Plaintiff also asserts claims under the First Amendment.

1.  <u>Cognizable Claims</u>

Plaintiff alleges that Defendants conspired against him to deprive him of his civil rights while he was a pretrial detainee at the Twin Falls County Jail.  He was arrested in California and transported to the Twin Falls County Jail.  At the time of his arrest, Plaintiff apparently had items in his possession that had been stolen from several Twin Falls businesses.  Plaintiff asserts that he falsely admitted his guilt while housed in a

**INITIAL REVIEW ORDER   2**

California jail, because Plaintiff and his family had been threatened by the true guilty party.  When Plaintiff arrived in Idaho, he told Defendant Gambrell that he had given false testimony to protect his family, and he gave Gambrell information regarding the true guilty party.  Plaintiff asserts that "someone" told inmates that Plaintiff had "ratted" on the guilty party and that, as a result, nine inmates beat him in front of Cellblock 200.  Plaintiff alleges that he was moved to protective custody.  He was later moved out of protective custody and suffered additional beatings by inmates.

Plaintiff alleges that Sergeant Stringer told inmates in Cellblock 100 that Plaintiff had been giving information to authorities.  He alleges that Stringer scheduled Plaintiff's recreation at the same time that Cellblock 200 had recreation to intentionally to cause him harm.  Plaintiff alleges that he was beaten and almost stabbed to death as a result.  He alleges that Stringer, Adams, and Shultz told inmates that Plaintiff was a "rat" or that these Defendants wrote "rat" on his cell door or window so that other inmates could see it.  He asserts that Stringer, Shultz, Guest, Shaffer, Carlson, and Adams repeatedly told him, "Some day you'll plead guilty so you can get out of this place."

Plaintiff also alleges that Defendants held him in jail for over a year with no hearing, no written charges, and no phone calls to his attorney.  Plaintiff alleges that he was denied access to the law library, and was denied paper, pencils, envelopes, and copies.  Plaintiff asserts that after he obtained a private attorney, Sergeant Stringer placed him in a video surveillance cell to "make sure [he] couldn't fight his case."  Plaintiff asserts that he was not allowed to call his attorney except on a phone line that was

monitored and recorded by jail staff.  If he would complain, staff would retaliate by not feeding him, not allowing him to shower, not allowing him recreation, not giving him toilet paper, and engaging in "many other abuses and deprivations."

Plaintiff asserts that he lost 60 pounds in 13 months while at the prison, and went as long as five days without food; he asserts that Defendants Guest, Shaffer, Shultz, and Carlson were responsible for depriving him of food.  Plaintiff asserts that he was deprived of recreation for up to six weeks at a time.  He alleges that on at least 150 days, he was not permitted his one hour out of his cell for a 24-hour period of time, and that Sergeant Stringer was principally responsible for this deprivation.  He asserts that during winter recreation he was denied warm clothing, gloves, and a jacket.

Plaintiff asserts that Defendants searched his cell and took his receipts for unreturned kites and his handwritten evidence pertaining to the times, dates, actions, and names of those who violated his rights from the time of his arrest, and that they retaliated against him by moving him to different cells 56 times in less than 90 days.

Plaintiff alleges that Sergeant Guest retaliated against him after Plaintiff called him names; Plaintiff alleges that Guest fed Plaintiff contaminated food four times in a two-month period.

Plaintiff asserts that he was refused medical attention after returning from the hospital where he had received treatment for being beaten and stabbed.  Plaintiff alleges that he was denied prescription and over-the-counter pain medication, ice packs, and bandage changes.  He also asserts that he was not allowed a shower for two weeks.

**INITIAL REVIEW ORDER  4**

Plaintiff asserts that he was assaulted by other inmates on 18 different occasions.

Plaintiff also asserts that his cell had inadequate heating and that Defendants purposely left the back door open to let cold outside air into his cell.  He also asserts that his cell had inadequate cooling air during the summer.  He asserts that his cell was constantly illuminated, causing him eye pain and headaches.  He alleges that there was excessive noise in the jail because mentally ill inmates would scream, curse, and kick their doors 24 hours a day.

Plaintiff alleges that Defendants intentionally housed him with inmates who would smear and throw feces and bodily fluids everywhere, or would flood the floor with toilet water and feces, and that Defendants would leave it for up to a week at a time before cleaning it up.  Plaintiff alleges that he went three weeks without a clothing exchange at least 10 times.  Plaintiff states that he went without toilet paper for a period of five days at least 30 times.

Plaintiff alleges that Defendant Carlson denied him medical care for three days beginning on September 6 or 7, 2004 after he had stab wounds on the back of his hand.

Plaintiff alleges that Sergeant Stringer opened his legal mail outside of his presence, and that Shultz, Adams, and Stringer stated that they read Plaintiff's mail to his attorneys.  Plaintiff asserts that some of his outgoing legal mail to judges, attorneys, the ACLU was confiscated and discarded.

Plaintiff also asserts that he was denied visitations by friends and chaplains. Plaintiff asserts that he was denied opportunity to attend church services and NA and AA.

**INITIAL REVIEW ORDER   5**

Plaintiff also asserts that his initial appearance before a magistrate was 34 days late.

Plaintiff may proceed on the foregoing claims. However, this Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each of his claims so that Defendants can properly defend against them.

2.  Noncognizable Claims

The following claims are not cognizable federal causes of action, and, as a result, Plaintiff may not pursue them as separate claims in this case, but may use the facts as evidence in support of his other claims, if applicable.

Plaintiff alleges that Defendants verbally harassed him. To state a claim under the Eighth Amendment, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987). Plaintiff's allegations of verbal harassment can be used together with Plaintiff's other allegations as evidence to show that Defendants violated the Constitution by engaging in a *pattern* of calculated harassment, which requires a showing of multiple incidents of harassment. Inmates have a constitutional Amendment right to be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Or,

**INITIAL REVIEW ORDER   6**

Plaintiff may refer to the verbal harassment as evidence to support his conspiracy claim. However, verbal harassment alone is not a separate constitutional claim.

Plaintiff also asserts that Defendants violated his constitutional right by failing to allow him access to outside legal assistance, apparently to pursue his civil rights claims. A state need not provide legal assistants and law clerks to prisoners to assist prisoners, so long as they have some system in place to ensure meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). While inmates have a constitutional right to access the courts as set forth in *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977), *Bounds* "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the Court." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Moreover, in order to demonstrate a viable access to courts claim, Plaintiff must show that he suffered an actual injury as a result of the alleged denial to access. *Id.*, 518 U.S. at 350. "An inmate cannot establish relevant actual injury simply by establishing that the . . . legal assistance program is sub-par in some theoretical sense." *Id.*, 518 U.S. at 351. The prisoner must "go one step further and demonstrate that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim." *Id.*, 518 U.S. at 351. This claim may be asserted only as part of an access to courts claim only if he can show injury. It may not be asserted as a separate claim.

Plaintiff also asserts that Defendants took his personal property during cell searches. Generally, the negligent or intentional unauthorized deprivation of property

**INITIAL REVIEW ORDER   7**

does not state a cognizable cause of action under § 1983 if the prisoner has an adequate state post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Taylor v. Knapp*, 871 F.2d 803, 805-06 (9th Cir.1989), *cert. denied*, 493 U.S. 868 (1989).  Idaho has adopted the Idaho Tort Claims Act, I.C. § 6-901, *et seq*., to provide a remedy for citizens injured by the tortious acts of governmental entities, officials and employees.  As the Idaho Tort Claims Act provides a method whereby Plaintiff can obtain redress for his personal property damage, his claims are not of a constitutional magnitude and cannot be heard in federal court.

Plaintiff alleges that he was forced to plead guilty, that he lost his right to a fair trial, that he was innocent of first degree murder, but pled guilty to protect his family, and that his counsel was ineffective.  Particularly, Plaintiff asserts that the public defenders did not investigate his case or do anything in his defense and that they were in a conspiracy with the jail staff and the prosecutor to unconstitutionally hold him in isolation and lie to him about the progress of his case until all of the evidence was gone.  These are causes of action that must be brought in a habeas corpus case because a favorable verdict here would necessarily imply the invalidity of Plaintiff's conviction.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff also asserts that Defendants denied him the right to use the jail's grievance process.  The Ninth Circuit has held that "[t]here is no legitimate claim of entitlement to a [jail] grievance procedure" under the First Amendment.  *Mann v. Adams*,

**INITIAL REVIEW ORDER   8**

855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988). However, the Ninth Circuit has also held that "the right of meaningful access to the courts extends to established jail grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). *Bradley* has been narrowly applied to situations where a prisoner has been denied the opportunity to use the jail grievance system. The inability to file a claim can establish a violation of the right to access the courts; however, there must be a showing of injury. *Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Plaintiff also seeks injunctive relief at the county jail, but he is now housed in the custody of the state, rather than the county. A plaintiff may not be awarded injunctive relief relative to a facility where he is no longer incarcerated if there is no reasonable expectation that he will be housed there again in the near future. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

C.      **Motion to Proceed in Forma Pauperis**

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested in forma pauperis status. Plaintiff has received over $800 into his prisoner trust account in a one-year period of time. Because all of Plaintiff's basic needs are paid for by the state during incarceration, it appears that Plaintiff has

**INITIAL REVIEW ORDER   9**

sufficient funds to afford the costs of litigation.

Based upon all of the foregoing, the Court shall deny Plaintiff's Motion.  Plaintiff will be required to pay the $250.00 filing fee to the Clerk of Court within 60 days after entry of this Order, or his case shall be dismissed without prejudice.  Plaintiff will also be required to accomplish service of process on Defendants.

Plaintiff has also requested appointment of counsel in his in Forma Pauperis Motion. Because Plaintiff is not entitled to proceed in forma pauperis and because he has sufficiently articulated his claims, the request for appointment of counsel is denied.

### D.     Plaintiff's Motion to Disqualify Judge

Plaintiff has moved to disqualify the Court because "Plaintiff believes that the current court cannot be impartial due to the number of decisions issued against inmates and giving the defendants almost total discretion during the inmates' cases."  Plaintiff cites no concrete examples.  It is likely that Plaintiff perceives that the Court is biased against inmates because Congress and the United States Supreme Court have set high standards for prisoner litigation and constitutional violations that occur in jails and prisons.  The Court is bound to follow the law enacted by Congress as interpreted by the Supreme Court.  It is the high standard that causes the institutional defendants to be statistically more successful than inmates, not any bias of the Court.

Plaintiff's worries, unsupported by any particulars, are not grounds for disqualification of the Court.  Plaintiff has not shown that 28 U.S.C. § 455(a) or any case interpreting that section applies to the facts of this case.  However, Plaintiff has sought

**INITIAL REVIEW ORDER   10**

disqualification at a time when the Court is reassigning a significant number of its cases to visiting judges for administrative purposes. As a result, the Court will reassign Plaintiff's case to a visiting judge by separate Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for in Forma Pauperis Status (Docket No. 1) is DENIED. Plaintiff shall pay the filing fee of $250.00 to the Clerk of Court within 60 days after entry of this Order, or his Complaint shall be dismissed without prejudice.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Disqualify Judge (Docket No. 7) is DENIED.

DATED: **May 15, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER  11**